# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH C. GARCIA, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 3:06-CV-2185-M |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING SUCCESSIVE PETITION

Petitioner Joseph C. Garcia, a Texas death-row inmate set for execution on December 4, 2018, has filed a document purporting to be a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Rule 60b Motion, doc. 142). In connection with this, Garcia also seeks a stay of his execution (Stay Motion, doc. 144). Respondent has filed a response in opposition to both motions (Response, doc. 146), and Garcia has filed his reply (Reply, doc. 147). Because Garcia's Rule 60b Motion appears to actually be a successive petition that this Court lacks jurisdiction to consider, it is transferred to the United States Court of Appeals for the Fifth Circuit along with the Stay Motion.

### I. PROCEDURAL HISTORY

Garcia was convicted of capital murder and sentenced to death as a party to the December 2000 killing of Irving, Texas, police officer Aubrey Hawkins. *See Garcia v. Davis,* 704 F. App'x 316, 318 (5th Cir. 2017), *cert. denied,* 138 S. Ct. 1700 (2018). His conviction and sentence were affirmed on direct appeal. *See Garcia v. State,* No. AP-74692, 2005 WL 395433 (Tex. Crim. App. Feb. 16, 2005). Garcia filed a state post-conviction application for a writ of habeas corpus, but the

Texas Court of Criminal Appeals ("CCA") denied relief. *See Ex parte Garcia*, No. WR-64,582-01, 2006 WL 3308744, at *1 (Tex. Crim. App. Nov. 15, 2006).

Garcia then filed a petition for writ of habeas corpus in this Court (Pet., doc. 15), with an agreed motion to stay the federal proceedings to allow Garcia to exhaust certain claims in state court, including claims that his trial counsel provided ineffective assistance in failing to investigate possible mitigating evidence and that his state habeas counsel failed to provide competent and effective assistance of counsel by failing to conduct an independent mitigation evidence investigation and review. (Mot., doc. 16; Subsequent State Habeas Petition, doc. 16-2, at 34, 72-73.) The agreed motion was granted and these proceedings were stayed to allow Garcia to exhaust those claims. (Order, doc. 17.) The state court ultimately dismissed the subsequent application on the state procedural grounds "as an abuse of the writ" under Art. 11.071 § 5(c) of the Texas Code of Criminal Procedure. *Ex parte Garcia*, No. WR-64,582-02, 2008 WL 650302, at *1 (Tex. Crim. App. Mar. 5, 2008).

Following exhaustion, these proceedings were reopened, and Garcia filed an amended petition for writ of habeas corpus in this Court (Am. Pet., doc. 20) asserting seven grounds for relief that included subgrounds, as follows:

1. The mitigation special issue in the punishment phase failed to place the burden of proof on the prosecutor (Am. Pet. at 24-28);

2. The terms used in the punishment phase special issues were unconstitutionally vague (Am. Pet. at 28-33);

3. The requirement that ten jurors agree in order to answer the mitigation special issue "no" violated due process (Am. Pet. at 33-37);

4. The failure of the CCA to engage in a proportionality review violated due process (Am. Pet. at 38-40);

5. Garcia was deprived of the constitutionally guaranteed effective assistance of counsel at trial in that his trial counsel failed to:

> (a) object to the prosecutor's challenge of a qualified juror for cause,

> (b) object to a change in jury selection procedure that favored the prosecution,

> (c) object to the prosecutor's argument that the verdict on guilt need not be unanimous,

> (d) object to the prosecutor's mischaracterization of evidence at closing,

> (e) request an anti-parties charge in punishment,

> (f) object to improper party conspiracy and inferred intent instructions at the guilt/innocence phase, and

> (g) properly investigate and present certain mitigating evidence.

(Am. Pet. at 40-83);

6. Garcia was deprived of the constitutionally guaranteed effective assistance of counsel in his direct appeal in that his appellate counsel failed to:

> (a) raise the trial court's improper exclusion of a qualified juror,

> (b) complain that jury selection was conducted in violation of a Texas statute,

> (c) properly brief an issue regarding extraneous offense evidence,

3

(d) complain of improper jury instructions regarding intent at the

guilt/innocence phase,

(e) raise as error the prosecutor's mischaracterization of evidence at

closing, and

(f) raise the denial of a motion to suppress evidence obtained with

invalid warrants.

(Am. Pet. at 83-115); and

7. Garcia's state habeas counsel provided ineffective assistance in failing to raise in

the state habeas proceeding the asserted deficiencies of trial and appellate counsel

(Am. Pet. at 116-127).

This Court granted an evidentiary hearing on whether the exception to procedural bar created in

*Martinez v. Ryan,* 566 U.S. 1 (2012), and applied to Texas cases in *Trevino v. Thaler,* 569 U.S. 413

(2013), applied to Garcia's claims of ineffective assistance of trial counsel. (Order Canceling

Referral and Setting Hearing, doc. 66; Order Partially Limiting Hearing, doc. 74.)

Although the purpose of the hearing was to determine whether the exception to procedural

bar applied, the Court also expressed the intent to consider the same evidence in ruling on the merits

of the claims if the exception to procedural bar applied.

> The Court exercises its discretion to conduct an evidentiary hearing on the
> determination of whether the exception to procedural bar created in *Martinez* applies
> to these claims. To the extent that the same evidence may prove these claims on the
> merits, such evidence may be considered for any claims found to fall within the
> exception to bar.

(Order Canceling Referral and Setting Hearing at 5.) The same order also explained the need for an

evidentiary hearing to allow Garcia to compel the evidence he needed to prove his claim.

> Because the resolution of these claims may depend on evidence that may not be available to Garcia absent the means to compel it, such as trial counsel's actual knowledge of facts and law to support the reasonableness of his strategic decisions, the nature of these proceedings favors providing Petitioner the opportunity to do so.

(*Id.* at 7.) Consistent with this purpose, the Court limited the "live" testimony at the hearing to the examination of Garcia's prior attorneys, but did not limit the evidence that could be submitted in affidavit or documentary form, including expert testimony.[1] (Order Partially Limiting Hearing at 7-8.) The Court also directed the parties to come prepared to argue whether the evidence received at the hearing could be considered in ruling on the merits of any claim.

> The parties should come to the hearing prepared to address whether the limitation of § 2254(e)(2) prevents the Court from considering evidence that is presented at the hearing on the procedural issue to then also decide the merits of claims that are determined to be excused from procedural default.

(Order Partially Limiting Hearing at 2 n.1.)

As pertinent to the Rule 60b Motion, the parties presented evidence and arguments regarding Garcia's claim that trial counsel was ineffective in failing to investigate and present mitigating evidence, including evidence that during the second time that Garcia was in New York, after his mother had abandoned him there, he had been sexually abused. (Mem. Op. and Order Accepting Rec. of Magistrate Judge, doc. 103, at 19-20.) Consistent with its prior order, the Court received all written evidence submitted and limited the "live" testimony at the evidentiary hearing to Garcia's trial counsel and state habeas counsel.[2] (Tr. at 4-5; Order Partially Limiting Hearing at 7-8.) Garcia

---

[1] Garcia inaccurately asserts that this Court "permitted testimony only from Garcia's prior counsel" at the hearing. (Rule 60(b) Motion at 5.) While this was true of the "live" testimony presented, the Court did not expressly limit the affidavits or other documentary evidence that could be considered.

[2] All three trial counsel were present at the hearing, but only Hugh Lucas and Bradley Keith Lollar testified. Paul Brauchle was released without having been called. (Tr. at 78.) And attorney Bruce Anton's affidavit with his expert opinion was admitted at the hearing over objection. (Tr. at 4-5.)

also offered a proffer of his own testimony at the hearing that the Court considered in the same way as if he were testifying live. (Tr. at 148-150.)

Regarding Garcia's claim that trial counsel was ineffective in failing to investigate and present evidence of his sexual abuse, the Court found that Garcia had failed to show trial counsel to be ineffective.

> It is undisputed that Garcia did not reveal any information concerning the sexual abuse to trial counsel or to either of the mental health experts that had been appointed to aid the defense by examining Garcia and offering expert testimony at his trial. (Tr. at 148-49.) It is also undisputed that the only ones that would have known of the abuse were Garcia and the perpetrator, and that the trial court would not have allowed Garcia's mental health experts to testify regarding such events unless they were corroborated. (Tr. at 153-57.) Even in the seven years since federal habeas counsel was appointed during which time they apparently received this information from Garcia, and with the opportunity to present it at the *Martinez* hearing, no corroboration has been presented to this Court or shown to have been available to trial counsel. Therefore, even if Garcia had disclosed the asserted sexual abuse to his mental health experts, they would not have been permitted to testify regarding such an uncorroborated event. In light of Garcia's decision to not testify at his trial, he has not shown how this evidence could have been presented to the jury at his trial even if it occurred and had been disclosed to his counsel and experts.

The Court also analyzed evidence relied upon by Respondent in disputing that the abuse actually occurred and considered the absence of details regarding the alleged abuse. The Court adopted the Magistrate Judge's findings and conclusions, found that the claim was not substantial under *Martinez*, dismissed the claim as procedurally barred and, in the alternative, denied it for lack of merit. (Mem. Op. and Order Accepting Rec. of Magistrate Judge, doc. 103, at 19-22.)

After the evidentiary hearing but before final orders were entered, lead appointed counsel Camille Knight rejoined the office of the Federal Public Defender for the Northern District of Texas as a trial attorney. (Motion to Withdraw and Appointed the Federal Public Defender, doc. 98, at 1.) Both appointed counsel filed an unopposed motion for co-counsel Ronald L. Goranson to withdraw

and representation of Garcia to be transferred to the Federal Public Defender for the Northern District of Texas to "provide [Garcia] continuity of counsel throughout all future proceedings." (Motion to Withdraw and Appoint the Federal Public Defender at 2.) The Court granted the motion and allowed the withdrawal and substitution of counsel, designating Assistant Federal Public Defender Camille Knight as lead counsel. (Order, doc. 99.)

Following the entry of the judgment denying relief, the Office of the Federal Public Defender for the Northern District of Texas filed a motion to reconsider, to re-open the evidence, for amended findings, additional findings, a new trial, and to alter judgment in this case, attaching voluminous exhibits. (Motion for New Trial, doc. 106.) This motion was not signed by or joined by Camille Knight. The Court entered an order noting that the Federal Public Defender for the Northern District of Texas joined in a statement before another court of this District conceding that appointment of the office of a public defender may not comply with 18 U.S.C. § 3599, the appointment statute in this case, and that the sought continuity of representation made the basis of the prior substitution was in doubt. Therefore, the Court directed the Federal Public Defender for the Northern District of Texas to file a supplemental brief to ensure that Garcia has the qualified counsel envisioned by 18 U.S.C. § 3599 at all subsequent stages of available proceedings. (Order, doc. 112.)

The Court ultimately granted a requested modification of its order denying relief pertaining to the excusal of venireman Chmurzynski, and otherwise denied the motion for new trial. (Mem. Op and Order, doc. 118.) Twenty-five days later, the Office of the Federal Public Defender for the Northern District of Texas filed a motion to withdraw and substitute the Federal Public Defender for the District of Arizona (Motion, doc. 131) which was granted (Order, doc. 132). Following this order, the Federal Public Defender for the District of Arizona handled the appeal and all subsequent

legal actions in federal court.

Garcia subsequently filed a motion in the United States Court of Appeals for the Fifth Circuit for a certificate of appealability that did not include this Court's rulings on his claim that trial counsel provided ineffective assistance of counsel in failing to investigate and present mitigating evidence, which was denied. *Garcia v. Davis,* 704 F. App'x 316 (5th Cir. 2017). Garcia then requested but was denied a writ of certiorari by the United States Supreme Court. *Garcia v. Davis,* 138 S. Ct. 1700 (April 30, 2018).

On May 24, 2018, the trial court set Garcia's execution for August 30, 2018. *State v. Garcia,* No. F01-00325-T, Order Setting Execution Date (283rd Dist. Ct., Dallas County, Tex.). Subsequently, the trial court modified this order and rescheduled the execution for December 4. *State v. Garcia,* No. F01-00325-T, Order Modifying Execution Date and Recalling Warrant of Execution (283rd Dist. Ct., Dallas County, Tex., June 27, 2018).

On November 14, 2018, Garcia filed a second subsequent application for habeas relief in the state court that included the claims made the basis of the Rule 60b Motion. (Rule 60b Motion at 5-6.) Garcia accompanied this with a motion to stay his execution. In a split decision, the Texas Court of Criminal Appeals dismissed the application "as an abuse of the writ without reviewing the merits of the claims raised" under Art. 11.071 § 5(c) of the Texas Code of Criminal Procedure and denied Garcia's motion to stay his execution. *Ex parte Garcia,* No. WR-64,582-03 (Tex. Crim. App. Nov. 30, 2018).

Garcia now seeks to alter or amend that judgment under Rule 60(b) of the Federal Rules of Civil Procedure to reopen these proceedings to present additional claims and evidence, and also seeks to stay his execution.

## II. MOTIONS

Garcia's Rule 60b Motion seeks to reopen the original federal habeas proceedings for two purposes. First, he seeks "to reopen his death penalty case to present evidence that substantiates his claim that his trial counsel were ineffective." (Rule 60b Motion at 24.) This includes additional evidence in support of his claim that he was denied the effective assistance of counsel during the penalty phase of his trial when counsel failed to adequately investigate and present mitigating evidence of Garcia's history of being sexually assaulted as a minor. (Rule 60b Motion at 10-11.) Through this additional evidence, Garcia seeks to show additional instances of sexual assault in greater detail along with an expert opinion discussing the long-term effects of repeated childhood traumatization. (Rule 60b Motion at 11-12; Aff. of Victoria Reynolds, Ph.D., at A.615-681.) Second, Garcia seeks to amend his federal habeas petition to present new theories of ineffective assistance of counsel that trial counsel failed to discover and present (1) defects in the 1996 murder conviction that could have prevented its admission at his trial, and (2) evidence of the conditions at the two prison facilities where Garcia was housed prior to his escape. (Rule 60b Motion at 13-15.) Garcia also seeks to present evidence in support of these new theories that has never been considered by any court. (Rule 60b Motion at 17, 20-21.) Based on all of this, Garcia moves to stay his execution. (Stay Motion at 1-3.)

In her response, Respondent asserts that Garcia's Rule 60b Motion constitutes a second or successive petition that this Court does not have jurisdiction to consider because it has not been authorized by the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3). (Resp. at 12-18). Respondent argues in the alternative that Rule 60(b) relief is not available to Garcia because the grounds presented, the alleged ineffective assistance of prior federal

habeas counsel, would not constitute the extraordinary circumstances required for Rule 60(b) relief. (Resp. at 18-26.) Respondent also asserts that the motion is untimely. (Resp. at 26-28.) Respondent argues that Garcia's claim of ineffective assistance of trial counsel for failing to investigate and present mitigating evidence has been exhaustively litigated, is procedurally barred, successive and without merit. (Resp. at 28-39.) Finally, Respondent argues that a stay of execution is not warranted. (Resp. at 39.)

In his Reply, Garcia argues that Respondent misconstrues the Rule 60b Motion. Garcia emphasizes that his motion does not ask the Court to relitigate or review the merits of his claim, but merely seeks to present his claims with the meaningful assistance of counsel. (Reply at 1-3.) Garcia points out that he is not presenting the same claim that this Court previously considered (Reply at 4), he asserts flaws in Respondent's arguments (Reply at 1-8), and he complains that "Texas is prepared to execute him despite that he has never had proper federal review of his claim of ineffective assistance of trial counsel." (Reply at 5.)

## III. SUCCESSIVE APPLICATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Garcia may file his application in federal district court. *Id.* § 2244(b)(3).

## IV. JURISDICTION

As Garcia concedes, a previous habeas challenge to his conviction has been denied by this Court. (Rule 60b Motion at 4-5.) The threshold jurisdictional question presented is whether Garcia's motion asserted under Rule 60(b) of the Federal Rules of Civil Procedure is, in fact, a successive petition under 28 U.S.C. § 2244(b) requiring Circuit authorization.

### A. LAW

In *Gonzalez v. Crosby,* 545 U.S. 524 (2005), the Supreme Court provided guidance on whether a motion filed under Rule 60(b) should be construed as a successive petition under § 2244.

In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States,* 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe,* 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher,* 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,*

at 71-72; *Dunlap, supra,* at 876.

> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute.

*Id.* at 530-31.

The United States Court of Appeals for the Fifth Circuit has provided further guidance for

this Court in resolving the jurisdictional question.

> Because of the comparative leniency of Rule 60(b), petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions. *See, e.g., Gonzalez,* 545 U.S. at 531–32, 125 S. Ct. 2641; Jasper, 559 Fed. App'x. at 370. A federal court examining a Rule 60(b) motion should determine whether it either: (1) presents a new habeas claim (an "asserted federal basis for relief from a state court's judgment of conviction"), or (2) "attacks the federal court's previous resolution of a claim on the merits," *Gonzalez,* 545 U.S. at 530, 532, 125 S. Ct. 2641. If the Rule 60(b) motion does either, then it should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions. *See* 28 U.S.C. § 2244(b); *see also Gonzalez,* 545 U.S. at 531–32, 125 S. Ct. 2641; *In re Sepulvado,* 707 F.3d 550, 552 (5th Cir. 2013). A federal court resolves the claim on the merits when it determines that there are or are not "grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," as opposed to when a petitioner alleges "that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez,* 545 U.S. at 532 n.4, 125 S. Ct. 2641. A Rule 60(b) motion based on "habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Clark v. Stephens,* 627 Fed. App'x. 305, 308 (5th Cir. 2015) (quoting *Gonzalez,* 545 U.S. at 532 n.5, 125 S. Ct. 2641).

*In re Edwards,* 865 F.3d 197, 203–04 (5th Cir.), *cert. denied sub nom. Edwards v. Davis,* 137 S. Ct.

909 (2017).

## B. ANALYSIS

Respondent asserts that this Court does not have jurisdiction over Garcia's Rule 60b Motion

because it is, in reality, a successive habeas petition that must be dismissed or transferred to the Court of Appeals. (Resp. at 12-18.) Respondent argues that Garcia's motion "directly and substantively attacks this Court's decision regarding the merits of his constitutional claim." (Resp. at 2.) Relying upon *In re Coleman,* 768 F.3d 367 (5th Cir. 2014), Respondent argues that Garcia is "seeking relief from judgment based on new evidence that was not previously presented to this Court" and "presents that new evidence to support a claim that has already been raised and adjudicated on the merits."

Garcia argues that his motion attacks, not the substance of this Court's resolution of a claim on the merits, but only a defect in the integrity of the federal habeas proceedings: the ineffective assistance of his prior federal habeas counsel. He attempts to distinguish *Coleman* in which the "movant-appellant asserted a constitutional right" to the effective assistance of habeas counsel, as opposed to the "statutory right" that Garcia is asserting pursuant to 18 U.S.C. § 3599 to "meaningful representation in his federal habeas proceedings." (Reply at 3.) This does not appear to adequately distinguish *Coleman.*

In *Coleman,* the Court Appeals upheld the district court's determination that a motion asserted under Rule 60(b) constituted a successive habeas petition.

> Procedural defects are narrowly construed, however. They include "[f]raud on the habeas court," as well as erroneous "previous ruling [s] which precluded a merits determination ...—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." They generally do not include "an attack based on the movant's own conduct, or his habeas counsel's omissions," which "do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably."

> Coleman argues that there was a defect in the integrity of her original habeas petition, namely that "the additional evidence from the four witnesses recently discovered and relevant to the 'kidnapping' issue was unavailable to this Court when

it decided the claim previously, and the attached affidavits and the evidence contained therein are now available." Her counsel's failure to discover and present this evidence, she argues, indicated that they were constitutionally ineffective. This claim, however, is fundamentally substantive—she argues that the presence of new facts would have changed this court's original result. Moreover, Coleman does not allege that the court or prosecution prevented her from presenting such evidence, but rather argues that her own counsel was ineffective in failing to present such evidence. The Supreme Court has held that such an argument sounds in substance, not procedure. Nor is Coleman's alleged defect similar in kind to those highlighted by the Supreme Court as examples of procedural failures, such as statute-of-limitations or exhaustion rulings.

*Id.* at 371–72 (footnotes omitted).

The focus of the analysis in *Coleman* was not on whether the petitioner's right to the assistance of prior federal habeas counsel was constitutional or statutory, but on whether the Rule 60(b) motion presented an argument that is "fundamentally substantive" in that it asserts that "the presence of new facts would have changed this court's original result." *Id.* at 372. In this respect, Garcia's argument is also fundamentally substantive. His Rule 60b Motion resembles the petitioner's motion in *Coleman* that also asserted the ineffectiveness of prior federal habeas counsel in failing to investigate and obtain evidence that would have changed the court's prior determination.

A more difficult question is whether Garcia attacks a procedural determination by seeking to reopen the dismissal of his claim as procedurally barred. This Court granted a hearing and determined that Garcia's claim of ineffective assistance of trial counsel for failing to investigate and present mitigating evidence was found to not come within the exception to procedural bar set out in *Martinez v. Ryan*, 566 U.S. 1 (2012). (Mem. Op. and Order Accepting Rec. of Magistrate Judge at 19-22.) This was clearly a procedural ruling, but it was based on the determination that the claim had no merit. Therefore, it does not appear to be a decision that "precluded a merits determination" but one that was, instead, based on the merits determination. *Id.* at 371. Accordingly, the Court

14

finds that Garcia's motion attacks the substance of this Court's prior resolution of his claim and constitutes a successive habeas petition.

Further, it is not clear that Garcia is merely challenging the procedural bar of his claim. Garcia insists that the "claim that Garcia seeks to raise now is not the same as the one raised previously." (Reply at 4.) And that is not the only claim Garcia asserts in his Rule 60b Motion. Garcia also seeks to amend his federal habeas petition to present new theories of ineffective assistance of counsel that trial counsel failed to discover and present (1) defects in the 1996 murder conviction that could have prevented its admission at his trial, and (2) evidence of the conditions at the two prison facilities where Garcia was housed prior to his escape. (Rule 60b Motion at 13-15.) Garcia also seeks to present evidence in support of those new theories that had not previously been presented in the original federal habeas proceedings. Therefore, Garcia's motion advances new habeas claims, each asserting a "'federal basis for relief from a state court's judgment of conviction'." *In re Edwards,* 865 F.3d at 203 (quoting *Gonzalez,* 545 U.S. at 530).

"Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez,* 545 U.S. at 531 (citing § 2244(b)(2)). In announcing this rule, the Supreme Court cited with approval the opinion in *Harris v. United States,* 367 F.3d 74 (2d Cir. 2004), in which the United States Court of Appeals for the Second Circuit rejected an attempt to reopen a case under Rule 60(b) to present a claim that was missed because of the asserted ineffective assistance of federal habeas counsel. The Supreme Court observed that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple.

A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify." *Gonzalez,* 545 U.S. at 532.

Since Garcia seeks to add new grounds for relief from his state-court conviction and sentence, his motion "advances one or more claims" under this standard. Because he seeks to raise claims "challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition," it is successive. *In re Sepulvado,* 707 F.3d 550, 553 (5th Cir. 2013) (quoting *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998)). Therefore, Garcia's Rule 60b Motion constitutes a successive habeas petition that requires Circuit authorization before this Court has jurisdiction under 28 U.S.C. § 2244(b).

## C. STAY OF EXECUTION

In connection with his motion to obtain Rule 60(b) relief, Garcia has filed a motion to stay his execution (Stay Motion at 1-3). This Court's jurisdiction to act on this motion appears to rely upon jurisdiction over the motion to obtain Rule 60(b) relief. Because this Court lacks jurisdiction over the motion for Rule 60(b) relief, it lacks jurisdiction to rule on this motion as well. *See Hawkins v. Stephens,* No. 2:14-CV-314, 2015 WL 3882422, at *1 (S.D. Tex. June 17, 2015), *appeal dismissed* (5th Cir. Feb. 29, 2016) (citing *United States v. Key,* 205 F.3d 773, 775 (5th Cir. 2000); *In re Sepulvado,* 707 F.3d at 552.

## D. TRANSFER TO COURT OF APPEALS

Garcia seeks to reopen the prior proceedings to make new claims that were not, but could have been, asserted by prior federal habeas counsel. His motion constitutes a successive habeas petition that requires authorization under 28 U.S.C. § 2244(b)(3). Because the Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition, this

Court is without jurisdiction to consider it or the motions that depend upon it. This Court may either dismiss these motions for lack of jurisdiction, or it may transfer the motions to the Court of Appeals. *See In re Hartzog,* 444 F. App'x 63, 65 (5th Cir. 2011) (citing *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000)).

"Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir. 1990). These concerns are heightened when considering whether to stay an execution. *See, e.g., Ford v. Wainwright,* 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution); *Hearn v. Thaler,* No. 3:12–CV–2140–D, 2012 WL 2715653 (N.D. Tex., July 9, 2012) (Fitzwater, C.J.). The Court finds that it is in the interest of justice to transfer both of these motions to the Court of Appeals.

## V. ALTERNATIVE ANALYSIS

In the alternative, the Court finds that if Garcia's motion were properly made to seek Rule 60(b) relief, it would not be granted. In order to obtain relief under Rule 60(b)(6), the "catch-all" provision Garcia relies upon, he "must show: (1) that the motion be made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment." *In re Edwards,* 865 F.3d at 203 (quoting Gonzalez v. Crosby, 545 U.S. at 535).

### *A. REASONABLE TIME*

The United States Court of Appeals for the Fifth Circuit has provided guidance on whether a Rule 60(b) motion is timely.

> A motion under Rule 60(b)(6) must be made "within a reasonable time," "unless good cause can be shown for the delay." Reasonableness turns on the "particular facts and circumstances of the case." We consider "whether the party

17

opposing the motion has been prejudiced by the delay in seeking relief and ... whether the moving party had some good reason for his failure to take appropriate action sooner." "[T]imeliness ... is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment."

*Clark v. Davis,* 850 F.3d 770, 780 (5th Cir.), *cert. denied,* 138 S. Ct. 358 (2017).

Garcia argues that he brings this motion within a reasonable time because the two-forum rule prevented him from making a subsequent state habeas application until his federal habeas proceedings were concluded by the denial of certiorari by the Supreme Court on April 30, 2018. He argues diligence in that he filed this motion on the same day that the state court denied his subsequent state habeas application. (Rule 60b Motion at 19.)

Respondent asserts that the two-forum rule was abrogated in 2004. (Resp. at 28 (citing *Ex parte Soffar,* 143 S.W.3d 804, 805 (Tex. Crim. App. 2004)).) Respondent also argues that Garcia was not diligent because he did not request a certificate of appealability from the Court of Appeals on this Court's denial of his claim that trial counsel failed to investigate and present mitigating evidence, and Garcia made no attempt to seek a remand in order to file in this Court a Rule 60(b) motion at that time. (Resp. at 26-27.) Respondent argues, "[e]ven giving Garcia the benefit of every possible doubt, his Motion is untimely because he waited more than five months to file a subsequent state habeas application" which the Fifth Circuit has recognized as enough to warrant a finding of untimeliness. (Resp. at 27 (citing *Clark,* 850 F.3d at 782.)

Garcia argues that Respondent was incorrect in arguing that the two-forum rule was abrogated in *Soffar.* (Reply at 5-6.) The Court of Appeals in *Clark* appears to agree with Respondent that Garcia "could have made concurrent state and federal filings," and therefore, the six-month period in which appointed counsel prepared Garcia's 2018 successive state habeas petition

and during which that petition was pending before the state court should not be excused. *Clark*, 850 F.3d at 783. Even so, Respondent appears to misread the time period found in *Clark* to have been unreasonable.[3] Whether or not a delay of six months is unreasonable in the filing of a Rule 60(b) motion, the Court believes that Garcia could have, at any time following the appointment of current counsel in 2015, sought a remand to this Court to file the instant motion or "a stay of the federal [proceedings to exhaust] state court remedies." *Id.* A delay of three years would clearly be unreasonable.

Even considering the recent six-month delay, Garcia has provided no explanation for why he waited until November 14, 2018, to file his subsequent state habeas petition after the Supreme Court denied his application for a writ of certiorari on April 30. In light of the state court's orders in May and June setting and modifying his execution dates, this delay is particularly troubling. This Court cannot condone an unexplained delay that requires a court to review more than 800 pages of briefing and exhibits to make the complex and important determinations raised by the pleadings in less than 3 business days before an execution.

The Court finds that the Rule 60b Motion was not filed within a reasonable time.

### B. EXTRAORDINARY CIRCUMSTANCES

Garcia has not presented the extraordinary circumstances required for relief under Rule 60(b)(6). Instead, he presents complaints about the ineffective assistance of his prior federal habeas counsel that have been repeatedly rejected as sufficient to warrant Rule 60(b) relief.

Garcia argues that he was denied the meaningful assistance of counsel guaranteed by 18

---

[3] The Court of Appeals declined to use *Clark*'s suggested "starting point for measuring timeliness of the Rule 60(b)(6) motion" in that case. *Clark*, 850 F.3d at 782.

U.S.C. § 3599. (Rule 60b Motion at 7-9.) Even though lead counsel immediately obtained experienced co-counsel, Garcia argues that lead counsel was not experienced enough in death penalty habeas proceedings. (Rule 60b Motion at 9.) And even though counsel quickly obtained the assistance of a qualified mitigation investigator, Garcia complains that counsel did not adequately supervise the mitigation specialist. (Rule 60b Motion at 9-10; Reply at 4.) Garcia argues that this resulted in an inadequate investigation that failed to uncover additional mitigating evidence that his current counsel has found.

Specifically, Garcia complains that his mitigation investigator in the original federal habeas proceedings only uncovered one of the instances of sexual assault that he suffered as a minor. (Rule 60b Motion at 10-11.) And Garcia complains that, even though his prior counsel obtained the assistance of mental health experts, none of them specialized in assessing the effects of childhood trauma. (Rule 60b Motion at 11-12.) Respondent points out that the new evidence submitted in support of Garcia's motion suffers from the same defect that this Court previously found would have prevented its admission at trial: the lack of corroboration for these facts in the expert's opinion. (Resp. at 34-35.)

One factor that favors Garcia's position is that his motion attacks a procedural ruling: the dismissal of his claim as procedurally barred. But this was based on the determination that his claim of ineffective assistance of trial counsel had no merit and was therefore not "substantial" under *Martinez*. Garcia does not argue this as the defect in the integrity of the prior federal habeas proceedings, and this Court is persuaded that it was not the kind of determination that "precluded a merits determination." *In re Coleman,* 768 F.3d at 371. Therefore, Garcia's Rule 60b Motion presents a substantive attack on this Court's resolution of his claim.

Further, Garcia's motion seeks to reopen these proceedings to present additional theories of ineffective assistance of counsel, and additional evidence, that were not presented in the original federal habeas proceedings. Garcia complains that, even though trial counsel presented evidence and arguments to contest the validity of Garcia's 1996 murder conviction, they failed to uncover evidence that would have supported a claim that his trial counsel in that prior murder trial had provided ineffective assistance. (Rule 60b Motion at 13-14.) Garcia also complains that, even though trial counsel provided evidence from a prison classification expert regarding his conditions of confinement if sentenced to life in prison, counsel failed to adequately investigate the conditions of his prior confinement to explain the reasons for his escape. (Rule 60b Motion at 14-15.) These allegations do not seek to reopen a procedural determination since this Court never had the opportunity to consider those theories in the original proceedings. No extraordinary circumstances are shown to justify reopening these proceedings to make such new claims.

Each of the asserted deficiencies in trial counsel's performance appear to involve strategic trial decisions, and most of them essentially come down to a matter of degrees, whether counsel investigated enough, or presented enough mitigating evidence. Garcia contends that the adequacy of trial counsel's investigation is insufficient to afford deference to such strategic decisions under *Wiggins v. Smith,* 539 U.S. 510, 521–22 (2003). (Reply at 4-5.) This was one of the reasons for the grant of an evidentiary hearing where Garcia's trial and state habeas counsel have already been examined regarding the extent of trial counsel's knowledge and mitigation investigation. (Order Partially Limiting Hearing at 7.) Without a more compelling reason to repeat that inquiry, this would appear to be the type of second-guessing of trial counsel's performance discouraged by *Strickland v. Washington,* 466 U.S. 668, 689 (1984).

If this Court were to consider Garcia motion under Rule 60(b), the motion would be **DENIED**.

## VI

Garcia's motion for relief under Rule 60(b) (doc. 142) is a successive application for habeas relief and is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit along with the application to stay his execution (Stay Motion, doc. 144). *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002).

The Clerk of Court is **DIRECTED** to open for statistical purposes a new civil action (nature of suit 535 – death penalty habeas corpus – assigned to the same district judge) and to close the same on the basis of this Order.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Petitioner has previously been allowed to proceed in forma pauperis and this status is continued for purposes of appeal. (Mem. Op. and Order, doc. 103, at 24.)

**SO ORDERED**.

December 3, 2018.

BARBARA M. G. LYNN
CHIEF JUDGE